```
                IN THE UNITED STATES DISTRICT COURT        FILED
                FOR THE NORTHERN DISTRICT OF ALABAMA
                          JASPER DIVISION                  MAR 6 1997

JOSEPH STEVENS & CO., L.P.,        )              UNITED STATES DISTRICT COURT
                                   )              NORTHERN DISTRICT OF ALABAMA
          Plaintiff                )
                                   )
v.                                 )   CV NO. 96-HM-1555-J
                                   )
LARRY V. LOWRANCE,                 )              ENTERED
                                   )
          Defendant                )
                                                   MAR 0 6 1997
```

### MEMORANDUM OPINION

The above-entitled civil action is currently before this Court on Defendant Larry Lowrance's Motion to Dismiss filed July 15, 1996. Plaintiff Joseph Stevens & Company, L.P. [hereinafter "Joseph Stevens"] filed its Complaint directly in this Court on June 17, 1996 seeking to compel arbitration between itself and individual Defendant Larry Lowrance. On January 26, 1996 Mr. Lowrance had filed a two count Complaint in the Circuit Court of Marion County, Alabama alleging breach of contract and misrepresentation.[1] Plaintiff Joseph Stevens seeks through this litigation in federal district court to stay the proceedings in Marion County Circuit Court and to compel arbitration of the underlying dispute with Mr. Lowrance pursuant to certain contractual provisions. On July 15, 1997 Defendant Lowrance filed the currently pending Motion to Dismiss, asserting that Plaintiff Joseph Stevens had failed to assert a claim upon which relief could be granted. *See* Fed. R.

---

[1] On April 15, 1996 Lowrance amended his state court complaint as of right to add two counts, one for fraudulent inducement to contract and the other for violation of Alabama state securities law, namely Section 8-6-3 of the Code of Alabama.

Civ. P. 12(b)(6). After having received and reviewed the briefs of the party litigants and for the reasons stated hereinafter, this Court must deny Plaintiff's Motion to Dismiss.

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Joseph Stevens alleges that is a limited partnership created and existing under the laws of the State of New York. It is alleged that the general partners of Joseph Stevens are citizens of the State of New York and its limited partners are citizens of the states of New York and New Jersey. It is further alleged in Plaintiff's Complaint that Mr. Lowrance is a citizen of the State of Alabama. Therefore, diversity of citizenship exists pursuant to 28 U.S.C. § 1332(a)(1). Moreover, this Court finds that the amount in controversy in this civil action exceeds the sum or amount of $50,000.00, exclusive of interest and costs.

On or about January 20, 1995 Defendant Lowrance opened an individual brokerage account with Joseph Stevens for the purchase and sale of securities. Under date of June 6, 1995 Defendant Lowrance margin account through Plaintiff Joseph Stevens with Republic of New York Securities Corporation [hereinafter "the Republic account/agreement"]. The Republic agreement specifically acknowledged that Defendant Lowrance had been introduced to Republic by Plaintiff Joseph Stevens. Furthermore, the Republic agreement contained a provision which read:

> THE UNDERSIGNED AGREES THAT ALL CONTROVERSIES WHICH MAY ARISE BETWEEN US CONCERNING ANY TRANSACTION OR THE CONSTRUCTION, PERFORMANCE, OR BREACH OF THIS OR ANY OTHER AGREEMENT BETWEEN US PERTAINING TO SECURITIES AND OTHER PROPERTY, SHALL BE DETERMINED BY ARBITRATION BEFORE THE DESIGNATED SELF REGULATORY ORGANIZATION ("DSRO") OF THE

2

> **INTRODUCING OR CARRYING BROKER, AS THE CASE MAY BE, OF THE DSRO OF WHICH BOTH ARE MEMBERS (IF BOTH ARE PARTIES) IN ACCORDANCE WITH THE CONSTITUTION AND THE RULES OF THE RELEVANT DSRO.**

(emphasis in original). On or about August 1, 1995 Defendant Lowrance opened a margin account through Joseph Stevens with Schroder, Wertheim & Co., Inc. [hereinafter "the Schroder account/agreement"]. Plaintiff alleges that Schroder served as the clearing house for Joseph Stevens with respect to the purchase and sale of securities made by Lowrance after August 1, 1995. The Schroder agreement makes no reference to the role of Plaintiff Joseph Stevens. The Schroder agreement also contained an arbitration provision:

> **THE UNDERSIGNED AGREES, AND BY CARRYING AN ACCOUNT FOR THE UNDERSIGNED, YOU AGREE THAT ALL CONTROVERSIES WHICH MAY ARISE BETWEEN US CONCERNING ANY TRANSACTION OR THE CONSTRUCTION, PERFORMANCE, OR BREACH OF THIS OR ANY OTHER AGREEMENT BETWEEN US PERTAINING TO SECURITIES AND OTHER PROPERTY, WHETHER ENTERED INTO PRIOR, ON OR SUBSEQUENT TO THE DATE HEREOF, SHALL BE DETERMINED BY ARBITRATION. ANY ARBITRATION UNDER THIS AGREEMENT SHALL BE CONDUCTED PURSUANT TO THE FEDERAL ARBITRATION ACT AND THE LAWS OF THE STATE OF NEW YORK BEFORE THE NEW YORK STOCK EXCHANGE, INC. OR AN ARBITRATION FACILITY PROVIDED BY ANY OTHER EXCHANGE OF WHICH YOU ARE A MEMBER, OR THE NATION ASSOCIATION OF SECURITIES DEALERS, INC. OR THE MUNICIPAL SECURITIES RULE MAKING BOARD AND IN ACCORDANCE WITH THE RUES OBTAINING OF THE SELECTED ORGANIZATION. . . . THE AWARD OF THE ARBITRATORS, OR OF THE MAJORITY OF THEM, SHALL BE FINAL, AND JUDGMENT UPON THE AWARD RENDERED MAY BE ENTERED IN ANY COURT, STATE OR FEDERAL, HAVING JURISDICTION.**

(emphasis in original). It is alleged by Plaintiff that between the dates of January 20, 1995 and September 18, 1995 Joseph Stevens bought and sold securities upon Defendant Lowrance's request utilizing both the Republic and Schroder accounts.

Plaintiff alleges that the dispute giving rise to the filing

3

of Lowrance's state court action and this civil action concerns the purchase of common stock of Pure Tech International, Inc. on several occasions between January 29, 1995 and August 7, 1995 which would have been made using the Republic and Schroder accounts. Plaintiff asserts that the state law claims asserted by Lowrance in the Marion County Circuit Court action arise out of or are related to the Republic and/or Schroder accounts and, in light of the arbitration clauses in both agreements, should accordingly be resolved by binding arbitration. Plaintiff asks this Court to stay the proceedings in Marion County Circuit Court, order that the claims asserted therein be resolved by arbitration, and to compel such arbitration.

## DISCUSSION

In his brief in support of his Rule 12(b)(6) Motion to Dismiss, Defendant advances one simple argument: since the Republic and Schroder agreements were between Defendant Lowrance and Republic and Schroder, respectively, and since Plaintiff Joseph Stevens was not a signatory to either agreement Joseph Stevens should not be entitled to enforce any of the provisions therein.

In reviewing a Motion to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, this court will not grant such a motion "unless it appears beyond doubt that [the nonmovant] can prove no set of facts in support of [its] claim which would entitle [it] to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Moreover, during this analysis the allegations of Plaintiff's complaint must be assumed to be true. *See Scheuer v. Rhodes*, 416

4

U.S. 232 (1974).

It must be noted at the outset that this matter is governed by the Federal Arbitration Act, 9 U.S.C. § 1 et seq. This act has been construed to be a manifestation of Congress's liberal federal policy favoring arbitration and the enforcement of arbitration agreements. See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1 (1983). Equally importantly, the Supreme Court has held that the act was intended to "create[] a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate." Moses H. Cone, 460 U.S. at 25, n.32. Defendant Lowrance has submitted cases decided by the Supreme Court of Alabama which appear to be on point in this matter. However, since this case is governed by federal substantive law, Alabama Supreme Court opinions are not binding on this United States District Court.

Plaintiff Joseph Stevens asserts that there are three circumstances where introducing brokers (i.e., Joseph Stevens) who were not signatories to margin account contracts containing arbitration agreements successfully compelled arbitration based on such a contract. The first such situation is where the introducing broker is held to be a disclosed agent of the individual investor (i.e. Lowrance) and/or the clearing broker (i.e. Schroder or Republic) according to the general law of agency. In support of this argument, Plaintiff calls the Court's attention to Okcuoglu v. Hess, Grant & Co., 580 F. Supp. 749 (E.D. Pa. 1984). In that case the court held that since the introducing broker was an

5

intermediary between the individual investor and the clearing broker for the purchase and sale of securities, the introducing broker was the legal agent of both parties. As their agent and since the introducing broker was so involved in the transactions they had agreed to arbitrate, the introducing broker was allowed to enforce the arbitration agreement between the investor and the clearing broker despite his not being a signatory thereto.

The second circumstance in which Joseph Stevens argues an introducing broker can enforce an arbitration agreement occurs when the introducing broker is found to be an intended third party beneficiary of the contract between the investor and the clearing broker. In *Cauble v. Mabon Nugent & Co.*, 594 F. Supp. 985 (S.D.N.Y. 1984), the court held that despite the fact that a margin contract entered into between the investor and the clearing broker did not grant the introducing broker the power to enforce the contract's terms, the introducing broker was so heavily involved in monitoring and controlling the investor's account with the clearing broker that the introducing broker was a third party beneficiary of the margin contract and was allowed to enforce its terms.

The final basis for Joseph Stevens's assertion of entitlement to enforce the arbitration agreement is based on the doctrine of equitable estoppel. In support of this contention, Joseph Stevens calls the Court's attention to *McBro Planning and Development Co. v. Triangle Electric Constr. Co.*, 741 F.2d 342 (11th Cir. 1984). There the Eleventh Circuit held that where the relationship among three parties is so intertwined, one party should be equitably

6

estopped from denying the provisions of a contract between the other two parties which clearly contemplated the non-signatory's role in the contractual relationship. Joseph Stevens asserts that the relationship between itself, Lowrance, and Republic and Schroder was such that the contracts between Lowrance and Republic and Lowrance and Schroder clearly contemplated Joseph Stevens's role and therefore Lowrance should not be allowed to disclaim those contractual provisions, including the arbitration agreement.

Bearing in mind that the standard for reviewing Rule 12(b)(6) Motions to Dismiss is whether Plaintiff can prove any set of facts under which he could recover, this Court finds, determines and holds that if Plaintiff Joseph Stevens can prove that this case fits factually within one of the above-detailed circumstances, it can compel arbitration based on the margin account agreements despite not being a signatory thereto. This finding does not mean that this Court has determined that the facts in this case are such that it fits within the above-listed circumstances. However, there is nothing in the record which persuades this Court that Joseph Stevens cannot prove that this civil action falls within one of these situations. Accordingly, this Court must deny Defendant Lowrance's Motion to dismiss.

## CONCLUSION

For the reasons stated hereinabove, this Court finds that the Motion to Dismiss filed by Defendant Larry Lowrance is due to be denied. An appropriate Order in conformity with this Memorandum Opinion is contemporaneously entered.

7

DONE this  6th  day of March, 1997.

                                                                    /s/ E.B. Haltom Jr.
                                    E.B. HALTOM, JR.
                                    SENIOR UNITED STATES DISTRICT JUDGE

**FLORENCE, ALABAMA ADDRESS:**

U.S. District Court
Northern District of Alabama
U.S. Post Office & Courthouse
210 North Seminary Street
P.O. Box 1076
Florence, AL 35630
Telephone: (205) 760-8415

8